JOURNAL ENTRY AND OPINION
{¶ 1} C.E.[1] ("mother") appeals the trial court's grant of permanent custody of four of her children to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). C.E. argues that the trial court erred when it determined that a grant of permanent custody to CCDCFS was in the best interest of the children. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Prior to the development of the instant matter, the mother had a lengthy history of involvement with CCDCFS. In June 1999, CCDCFS removed M.E., born January 17, 1991, D.L., born February 23, 1992, D.P., born April 19, 1996, and J.P., born March 18, 1998, from their mother's custody. Subsequently, CCDCFS also removed a fifth child, H.P., to whom the mother had recently given birth. CCDCFS reunified all five children with their mother on December 23, 2002.
 {¶ 3} This specific case began in March 2003, when CCDCFS received a call to investigate a dog attack that resulted in serious injury to the youngest child, H.P. The mother's dog bit H.P. on the head, causing H.P.'s skull to become visible. H.P. ultimately needed stitches to close the wound. Through the course of their investigation, social workers learned that the mother's dog had previously injured D.L. Social workers also learned that the four eldest children had not been attending school since their reunification on December 23, 2002. When social workers removed the children on March 6, 2003, CCDCFS filed a complaint for abuse and neglect and sought permanent custody.
 {¶ 4} On January 5, 2004, the matter came to trial and the trial court found H.P. to be an abused child and found that the older four children were neglected children as defined in R.C.2151.03(B) and R.C. 2151.03(A)(2)(3). At the dispositional hearing held the following day, the trial court denied CCDCFS's prayer for permanent custody and ordered the four older children into the legal custody of their mother, with protective supervision. The trial court placed H.P. in the temporary custody of CCDCFS. The trial court then issued the following order:
"IT IS FURTHER ORDERED that the terms of Protective Supervision shall include [D.P.] at his current school; keeping all the children in school and completing a new psychological evaluation; maintaining the children in their counseling and following doctors' orders on their medications. Family Preservation shall be instituted and the mother shall comply with any recommendations."
 {¶ 5} During the period between the reunification with the mother and the children's final removal, the mother did not comply with the trial court's orders. The children did not attend school or counseling, the children did not receive their prescribed medications, the mother threatened a number of social workers assigned to her case, and the mother refused to give case workers access to the children or the residence. Additionally, the mother did not regularly keep her scheduled visitations with her children, nor did the mother undergo the court-ordered psychiatric evaluation for her previously diagnosed schizophrenia, paranoid type. Finally, social workers noticed severe behavior and aggression problems with all of the children. CCDCFS removed the children for a final time on May 12, 2004.
 {¶ 6} The trial court conducted adjudicatory proceedings and adjudged the children neglected and dependent and then continued the matter for disposition. At the dispositional hearing, the trial court heard all the evidence noted above and also heard evidence concerning the three fathers of the children. At the time of the hearing, A.P., father of D.P, J.P., and H.P., had been sentenced to prison and, through his lawyers, consented to the grant of permanent custody of his three children to CCDCFS. At the time of the hearing, W.L., father of D.L., had not been visiting, communicating with, or supporting his child. Finally, the trial court determined that M.J., father of M.E., had a relationship with his child.
 {¶ 7} At the end of the hearing, the children's guardian ad litem ("GAL") recommended temporary custody of M.E. to her father and permanent custody to CCDCFS for the remaining four children. The trial court ordered legal custody of M.E. to the father, M.J., and awarded permanent custody of the four younger children to CCDCFS.
 {¶ 8} The mother appeals the grant of permanent custody of her four younger children to CCDCFS, raising a single assignment of error. The mother does not appeal the trial court's grant of custody of M.E. to the father.
"The juvenile court committed error to the prejudice of appellant [C.E.] contrary to the manifest weight of the evidence in determining a grant of permanent custody to CCDCFS to be in the best interest of the children."
 {¶ 9} This court has previously discussed the standard of review in child custody cases:
"In order to justify termination of parental rights and award permanent custody of a child who is neither abandoned nor orphaned to a public children's services agency, a juvenile court must find by clear and convincing evidence that: (1) the grant of permanent custody to the agency is in the best interest of the child; and (2) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. Clear and convincing evidence is `evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.'" (Citations omitted.)
"The standard of review for weight of the evidence issues, even where the burden of proof is `clear and convincing,' retains its focus upon the existence of some competent, credible evidence. In other words, when reviewing awards of permanent custody to public children services agencies, judgments supported by some competent, credible evidence must be affirmed. If the record shows some competent, credible evidence supporting the trial court's grant of permanent custody to the county, therefore, we must affirm that court's decision, regardless of the weight we might have chosen to put on the evidence." (Citations omitted.)In Re P.R., et al., Cuyahoga App. No. 79609, 2002-Ohio-2029. The trial court's authority to grant permanent custody of a dependent child to CCDCFS is stated in R.C. 2151.414(B):
"(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
"(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
"* * *
"(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 10} As quoted above, the first requirement of the permanent custody statute requires the court to determine whether any of the four conditions listed in R.C. 2151.414(B)(1)(a)-(d) have been established. R.C. 2151.414(B)(1)(d) has been established as it relates to H.P. CCDCFS took H.P. into custody on March 6, 2003, where he has since remained. As of the date of the trial court's order granting permanent custody of H.P. to CCDCFS on March 15, 2005, H.P. had been in the care and custody of CCDCFS for twenty-two months. Accordingly, H.P. clearly qualified for permanent placement under the requirement of R.C.2151.414(B)(1)(d).
 {¶ 11} Moreover, R.C. 2151.414(B)(1)(a) has been met as it relates to the remaining three children. R.C. 2151.414(E) sets forth a number of factors for the trial court to consider when determining whether a child cannot or should not be placed with either parent. R.C. 2151.414(E) requires the trial court to find at least one of the listed sixteen factors applicable to each parent before entering a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.
 {¶ 12} In its order granting permanent custody to CCDCFS, the trial court found R.C. 2151.414(E)(1) applicable to the mother and both fathers. R.C. 2151.414(E)(1) provides as follows:
"Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
 {¶ 13} In support of its decision, the trial court made the following findings: the mother has a chronic mental illness so severe that it prevents her from providing an adequate permanent home for the children at the present time or in the future; the children had previously been removed from their mother, reunited with their mother, only to be removed again for issues of neglect; father W.L. demonstrated a lack of commitment towards his child by failing to regularly visit or communicate with the child; father W.L. demonstrated an unwillingness to provide an adequate permanent home for the child; father A.P. is incarcerated and would be unable to care for his children for at least eighteen months; and father A.P. consented to the grant of permanent custody to CCDCFS.
 {¶ 14} Accordingly, we find that the remaining three children qualify for permanent placement under the requirement of R.C.2151.414(B)(1)(a).
 {¶ 15} Once the trial court determines that any one of the conditions is present, it must then determine by clear and convincing evidence that permanent custody is in the best interest of the child. We must now see if this decision was supported by clear and convincing evidence.
 {¶ 16} In making this determination, the trial court must consider all the relevant factors, including but not limited to the following:
"(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
"(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
"(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public child services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
"(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
"(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
R.C. 2151.414(D).
 {¶ 17} The trial court's order granting permanent custody to CCDCFS clearly stated that it considered the factors listed at R.C. 2151.414(D)(1)-(5) before it made its decision. Moreover, our review of the evidence reveals clear and convincing evidence demonstrating that it is in the best interest of the four children to be in the permanent custody of CCDCFS.
 {¶ 18} We find that clear and convincing evidence exists to support the trial court's determination that the enumerated factors of R.C. 2151.414(B)(1)(a) and (d) exist, and that permanent custody to CCDCFS is in the best interest of all four children.
 {¶ 19} Nonetheless, the mother argues that a planned permanent living arrangement ("PPLA"), not permanent custody, is in the best interest of the children. This argument is without merit.
 {¶ 20} A PPLA is an alternative form of custody in which the child is placed in a foster home or institution with the intention that the child will remain in that home or institution until he or she is no longer in the county child services system. Though a PPLA does not sever the parental bonds as permanent custody does, it does provide the child with a legally permanent placement. R.C. 2151.353(A)(5).
 {¶ 21} However, the words of the statute are clear. The statute states in no uncertain terms that the court may order a PPLA if (1) the county requests it, (2) the PPLA would be in the best interest of the child, and (3) one of the factors in subsection (A)(5)(a)-(c) exist. R.C. 2151.353(A)(5). This court previously interpreted R.C. 2151.353(A)(5) and held:
"While we understand that the best interests of the child are paramount in any custody case and that we are to liberally interpret the statutes to provide for the care and protection of the child, R.C. 2151.01(A), we cannot override unambiguous statutory language."
In re M.W., Cuyahoga App. No. 83390, 2005-Ohio-1302.
 {¶ 22} In the present case, CCDCFS requested a grant of permanent custody, not a PPLA. Accordingly, the mother's argument that a PPLA is in the best interest of the children is without merit.
 {¶ 23} The mother's single assignment of error is overruled. Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, P.J., and Sean C. Gallagher, J.,concur.
[1] This court protects the identity of all parties in juvenile court cases.